MARY T. HERNANDEZ (SBN 136942)
mhernandez@gcrlegal.com
NITASHA K. SAWHNEY (SBN 210550)
nsawhney@gcrlegal.com *(admission pending)*
NADIA P. BERMUDEZ (SBN 216555)
nbermudez@gcrlegal.com *(admission pending)*
GCR, LLP
313 West Winton Ave, Suite 372
Hayward, California 94544
Tel: (510) 695-2802 Facsimile: (510) 670-4537
**Attorneys for the Plaintiff**
THE INSTITUTE OF MEDICAL EDUCATION

Seymour B. Everett (State Bar No. 223441)
Alicia R. Kennon (State Bar No. 240569)
WOOD, SMITH, HENNING & BERMAN LLP
1401 Willow Pass Road, Suite 700
Concord, California 94520-7982
Phone: 925-222-3400 • Fax: 925-222-3250
**Attorneys for the Defendant**
WESTERN ASSOCIATION OF SCHOOLS
AND COLLEGES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE INSTITUTE OF MEDICAL EDUCATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN ASSOCIATION OF SCHOOLS AND COLLEGES, and DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendant. | Case No.: 11-CV-05755-PSG<br><br>**JOINT CASE MANAGEMENT STATEMENT AND FED. R. CIV. P. 26(f) REPORT AND [PROPOSED] ORDER** |

Plaintiff The Institute of Medical Education ("IME") and Defendant Western Association of Schools and Colleges ("WASC"), parties to the above-entitled action, jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9. The parties met and conferred on February 7, 2012, and also thereafter in the creation of this Statement and Report.

**1. Jurisdiction & Service**

The Court's jurisdiction over this matter is not dispute, and all parties have been served. This Court has jurisdiction over the subject matter of this action under the following statutory provisions: (a) 28 U.S.C. section 1331 in that this is a civil action arising under the Constitution and laws of the United States, including federal common law; (b) 20 U.S.C. section 1099b(f), providing exclusive federal jurisdiction for disputes with recognized accrediting agencies.

**2. Facts**

IME operates a post-secondary vocational school, which offers vocational medical programs in fields such as dental hygiene, nursing, medical assisting, phlebotomy, and MRI technology on campuses in San Jose and Oakland, California. Defendant WASC is a 501(c)(3) organization encompassing three Commissions: The Accrediting Commission for Schools; The Accrediting Commission for Community and Junior Colleges; and The Accrediting Commission for Senior Colleges and Universities. In June 2007, IME received its initial accreditation from WASC's Accrediting Commission for Schools ("WASC ACS"), which was scheduled to expire in June 2010. IME then received its federal Title IV eligibility in October 2008. Beginning in approximately June 2009, IME began to engage in the process of renewing its accreditation with WASC ACS. After IME submitted its renewal application, WASC ACS issued IME a letter, on July 7, 2010, stating that it was renewing IME's accreditation for six years (until June 30, 2016). At the time WASC ACS issued its July 7, 2010 letter, WASC ACS was a US Department of Education (DOE)-approved accrediting commission. On September 23, 2010, IME received another letter from WASC ACS

verifying that 23 of IME's programs were accredited by WASC ACS. Relying on the letters it had received from WASC ACS, IME continued to offer its programs to its students and began to take steps to establish its new Registered Nursing and Physical Therapy Assistant programs. IME also expanded its facilities and made a massive financial investment in its operations. On November 3, 2010, IME received a letter from WASC ACS notifying it that WASC ACS had withdrawn from the Title IV compliance process with the USDOE as of October 26, 2010.

WASC alleges that accreditation, however, remained in effect for all institutions through April 2012. WASC also alleges that IME was provided with instructions on how to obtain accreditation from other Title IV approved accrediting agencies. At the time the October 26, 2010 letter, WASC alleges that IME had 19 months to obtain accreditation from another Title IV accrediting institute.

IME alleges that the loss of accreditation from a USDOE-approved agency has had a severe impact on IME. IME also alleges that it has already incurred over a million dollars in damages, and irreparable harm to IME's reputation and goodwill. WASC disputes that it is liable for IME's damages.

**3. Legal Issues**

The disputed points of law will relate to WASC's procedures and decisions in relation to the United States Department of Education's rules and regulations, as well as the legal duties of WASC to IME, and IME's reliance on WASC's representations.

**4. Motions**

There are no pending motions. At this time, the parties do not anticipate that any motions will be filed, however the parties reserve their respective rights to file dispositive motions if necessary

**5. Amendment of Pleadings**

At this time, Plaintiff does not contemplate amending the pleadings to add any additional claims or additional parties.

///

### 6. Evidence Preservation

Plaintiff and Defendant have taken steps to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

### 7. Disclosures

Pursuant to Fed. R. Civ. P. 26(a)(1)(E), the parties have stipulated that they will exchange initial disclosures on or before March 15, 2012.

### 8. Discovery

#### a. Anticipated Discovery

The parties anticipate propounding written discovery, including document requests, interrogatory requests and requests for admission, as well as deposition discovery. WASC and IME also believe that it may be necessary to take third party discovery. No discovery has taken place at this time.

**1. Plaintiff IME's Statement Regarding Subjects on Which Discovery May Be Needed:**

(1) The communications that took place between WASC and IME.

(2) The communications that took place internal to WASC about IME.

(3) Any communications that took place between WASC and any other government or quasi-government agency in relation to IME.

(4) Any communications that took place between WASC and any other government or quasi-government agency in relation to accreditation of for-profit schools.

(5) All documents in relation to IME in WASC's possession, custody or control.

(6) The identity of all decision makers at WASC in relation to any decisions made concerning IME.

(7) All documents in related or similar decisions.

(8) Depositions of all key personnel at WASC and DOE regarding the creditation depositions.

(9) All documents and written and oral discovery related to any WASC defense.

**2. Defendants' Statement Regarding Subjects on Which Discovery May Be Needed**

(1) Additional efforts by IME to obtain accreditation through other accrediting agencies.

(2) Defendant will need to conduct extensive discovery related to its alleged damages including but not limited to review of all IME's financial statements, tax returns, and enrollment information.

(3) Any and all documents, writings, and/or communications evidencing IME's claims related to breach of contract, intentional interference with prospective economic advantage.

(4) Depositions of Plaintiff's principals and any person with any information related to IME's claims as alleged in the complaint and related to the issue of damages.

(5) Depositions of those third party persons or entities which may have information related to IME's claims as alleged in the complaint and related to the issue of damages.

(6) Identification of each and every individual or organization through which IME attempted to obtain accreditation

(7) Any and all documents, writings, or communications from other accrediting agencies which denied or withdrew accreditation from IME

(8) Additional discovery may be identified through the course of litigation and Defendant reserves its rights to conduct discovery as necessary to preserve its rights and establish any available defenses to IME's claims as alleged in the complaint.

    **b. Changes to Discovery Limitations**

At this time, the parties do not propose any changes to the limitations on discovery provided by the Federal Rules of Civil Procedure or the local rules of this district.

    **c. Protective Order**

Plaintiff will desire a Protective Order for confidential proprietary information that is likely to be exchanged during discovery.

**9. Class Actions**

This is not a class action case.

**10. Related Cases**

There are no related cases.

**11. Relief**

Plaintiff seeks damages in connection with Defendant's decision to cancel its accreditation of Plaintiff's educational programs. Plaintiff alleges that it reasonably relied on representations by WASC about its accreditation status in seeking financing and making other financial commitments in connection with the operation and expansion of the school. Those damages are currently not calculated, but continue to mount. Plaintiff also seeks an order that WASC restore IME's accreditation status as it was prior to October 26, 2010, by requiring that WASC's accredit IME through its Accrediting Commission for Community and Junior Colleges (which is recognized by the USDOE), punitive damages, and all other relief as the Court deems just and equitable.

**12. Settlement and ADR**

On February 7, 2012, pursuant to the Court's November 30, 2011 Order Setting Initial Case Management Conference, the parties met and conferred and filed a Stipulation and [Proposed] Order Selecting ADR Process. The Parties were amenable to mediation (ADR L.R. 6) and an early neutral evaluation conference (ADR L.R. 5). On February 14, 2012, the ADR Clerk sent electronic notice of an ADR Phone conference on Tuesday, February 21, 2012 at 3:00 p.m. pacific time.

**13. Consent to Magistrate Judge For All Purposes**

The parties do not consent to a magistrate judge for all purposes.

**14. Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The issues that can be narrowed by agreement include the authentication of various documentation and potential exhibits. It is likely that the parties will be able to expedite the presentation of evidence at trial through summaries or stipulated facts.

### 16. Expedited Trial Procedure

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64.

### 17. Scheduling

| | |
|---|---|
| Deadline to file motion to add parties or amend pleadings | August 1, 2012 |
| Exchange expert disclosures/reports | September 1, 2012 |
| Completion of all fact discovery and last day to file any fact discovery motions | September 14, 2012 |
| Exchange rebuttal expert disclosures/reports | October 1, 2012 |
| Completion of all expert discovery and last day to file any expert discovery motions | November 1, 2012 |
| Deadline for filing summary judgment motions | November 8, 2012 |
| Final Pretrial Conference | December 1, 2012 |
| Trial | January 1, 2013 |

### 18. Trial

Plaintiff requests a jury trial. The parties estimate that a trial of this action will take approximately 3-4 weeks.

### 19. Disclosure of Non-party Interested Entities or Persons

Plaintiff IME is 100% owned by an individual, Bindu Aburajan. Plaintiff will file a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16.

///
///
///
///
///
///

**20. Other**

The parties will participate in meaningful mediation or an early neutral evaluation.

Date: February 21, 2012           GCR, LLP

             By:_____//s// Mary T. Hernandez_____
             MARY T. HERNANDEZ
             Attorneys for INSTITUTE OF MEDICAL EDUCATION, INC.

Date: February 21, 2012           WOOD, SMITH, HENNING & BERMAN LLP

             By:_____//s// Alicia R. Kennon_____
             ALICIA R. KENNON
             Attorneys for WESTERN ASSOCIATION OF SCHOOLS AND COLLEGES

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT/MAGISTRATE JUDGE