VERONIKA SHORT (State Bar No. 224694)
Law Office of Veronika Short
46 West Santa Clara Street
San Jose, CA 95113
veronika@vshortlaw.com
Telephone:  (408) 599-1670
Facsimile: (408) 549-9818

BRUCE C. FUNK (State Bar No. 122340)
Law Office of Bruce C. Funk
46 West Santa Clara Street
San Jose, CA 95113
bcfunkesq@aol.com
Telephone:  (408) 280-6488
Facsimile: (408) 286-3139
Attorneys for Plaintiff
The Institute of Medical Education

SEYMOUR B. EVERETT (State Bar No. 223441)
ALICIA R. KENNON (State Bar No. 240569)
Wood, Smith, Henning & Berman LLP
1401 Willow Pass Road, Suite 700
Concord, California 94520
Telephone: (925) 222-3400
Facsimile: (925) 222-3250
Attorneys for Defendant
Western Association of Schools and Colleges

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE INSTITUTE OF MEDICAL EDUCATION, INC.,<br><br>Plaintiff(s),<br><br>v.<br><br>WESTERN ASSOCIATION OF SCHOOLS AND COLLEGES, and DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendant(s). | CASE NO. 11-CV-05755-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT AND FED. R. CIV. P. 26(f) REPORT AND [PROPOSED] ORDER**<br><br>Date:  October 10, 2012<br>Time:  2:00 p.m.<br>Dept: 8, 4th Floor<br>Judge: The Honorable Lucy H. Koh |

Plaintiff, The Institute of Medical Education ("Plaintiff") and Defendant, Western Association of Schools and Colleges ("WASC"), parties to the above-entitled action, submit this FURTHER JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9. The parties met and conferred on October 2, 2012, in the creation of this Statement and Report.

**1. Counsel for the Parties**

On or about August 3, 2012, the Plaintiff retained Veronika Short to represent their interest in the above-referenced matter. The proposed order to substitute counsel was filed and submitted on August 7, 2012. The Court signed the order approving the substitution on September 6, 2012. Veronika Short associated in attorney Bruce C. Funk to represent Plaintiff in the above-referenced matter. Veronika Short and Bruce C. Funk will be trial counsel for Plaintiff.

Defendant WASC continues to be represented by Seymour Everett and Alicia Kennon of Wood, Smith, Henning & Berman, LLP.

**2. Motions**

There are no pending motions. Plaintiff will be filing a motion to amend to add IME, Inc., a California corporation as a Plaintiff pursuant to Federal Rule of Civil Procedure 25(c) and 16(b)(4).

As discovery has only recently commenced, Defendant reserves its right to file a dispositive motion prior to commencement of trial.

**3. Discovery**

**a. Anticipated Discovery**

The parties anticipate propounding written discovery, including document requests, interrogatory requests and requests for admission, as well as deposition discovery. WASC and IME also believe that it may be necessary to take third party discovery. Plaintiff has propounded 67

document requests, which are due in the next three weeks.  Plaintiff has noticed eight depositions with request for production of documents to defense witnesses.  These deposition notices include third parties.  Plaintiff will be issuing an additional five deposition subpoenas in the next week.  Defendant has not yet propounded any written discovery or noticed any depositions.

Given the frequency in which Plaintiff has changed counsel, Defendant has been reluctant to incur costs associated with discovery.  It appears that Plaintiff's newly retained counsel intends to litigate the matter through trial.  Consequently, Defendant has asked Plaintiff to produce all documents identified in its FRCP Rule 26 Disclosures.  Likewise, Defendant requested that dates be provided for the completion of Sunil Vethody, Bindu Baburjan, and Choi Lam.  Defendant reserves its right to depose additional party affiliated and percipient witnesses identified in documents produced by Plaintiff.

**1. Plaintiff IME's Statement Regarding Subjects on Which Discovery May Be Needed:**

(1) The communications that took place between WASC and IME.

(2) The communications that took place internal to WASC about IME.

(3) Any communications that took place between WASC and any other government or quasigovernment agency in relation to IME.

(4) Any communications that took place between WASC and any other government or quasigovernment agency in relation to accreditation of for-profit schools.

(5) All documents in relation to IME in WASC's possession, custody or control.

(6) The identity of all decision makers at WASC in relation to any decisions made concerning IME.

(7) All documents in related or similar decisions.

(8) Depositions of all key personnel at WASC and U.S.D.O.E. regarding the accreditation process.

(9) All documents and written and oral discovery related to any WASC defense.

**2. Defendants' Statement Regarding Subjects on Which Discovery May Be Needed**

(1) Additional efforts by IME to obtain accreditation through other accrediting agencies.

(2) Defendant will conduct extensive discovery related to Plaintiff's alleged damages including but not limited to review of all IME's financial statements, tax returns, and enrollment information.

(3) Any and all documents, writings, and/or communications evidencing IME's claims related to breach of contract, intentional interference with prospective economic advantage

(4) Depositions of Plaintiff's principals and any person with any information related to IME's claims as alleged in the complaint and related to the issue of damages.

(5) Depositions of those third party persons or entities which may have information related to IME's claims as alleged in the complaint and related to the issue of damages.

(6) Identification of each and every individual or organization through which IME attempted to obtain accreditation

(7) Any and all documents, writings, or communications from other accrediting agencies which denied or withdrew accreditation from IME

(8) Additional discovery may be identified through the course of litigation and Defendant reserves its rights to conduct discovery as necessary to preserve its rights and establish any available defenses to IME's claims as alleged in the complaint.

### 4. Scheduling

| Last day to amend pleadings/add parties | July 1, 2012 |
|---|---|
| Opening expert reports | November 2, 2012 |
| Close of Fact discovery | November 16, 2012 |
| Rebuttal expert reports | November 30, 2012 |
| Close of expert discovery | December 14, 2012 |
| Last day to file dispositive motions | January 3, 2013 |
| Last day to hear dispositive motions | February 7, 2013 |
| Pretrial conference | March 27, 2013 |
| Jury trial | April 22, 2013 (12 days) |

Plaintiff's counsel believes that if defense counsel cooperates with the written discovery propounded and the taking of depositions, which have been noticed, that Plaintiff can meet the Court's deadline for the close of fact discovery. Plaintiff further believes that it can meet the Court's deadline of expert disclosure and intends to meet the date set for trial.

The Court's schedule is of the utmost importance to Defendant and its counsel, however, given the numerous delays caused by Plaintiff's decision to change counsel on 3 separate occasions, this case has been stagnant since it was filed in late 2011. Defendant is not confident that the discovery that needs to be conducted in preparation for an April 2013 trial date can be completed in that time period. Furthermore, Defendant has genuine concerns about Plaintiff's willingness and ability to litigate this matter. These concerns are practical in nature given Defendant's "non-profit" status and the costs attendant to litigating a claim that Plaintiff has no means of pursuing. Consequently, while Defendant and defense counsel intend to cooperate and vigorously prepare its

//
//
//

defense in this matter, much of Defendant's activity will be contingent on Plaintiff's pursuit of the claim.

Respectfully submitted,

LAW OFFICE OF VERONIKA SHORT

Date: October 1, 2012                   _____/s/_____
                                        Veronika Short, Attorney for Plaintiff
                                        Institute of Medical Education


LAW OFFICE OF BRUCE C. FUNK


Date: October 1, 2012                   _____/s/_____
                                        Bruce C. Funk, Attorney for Plaintiff
                                        Institute of Medical Education


WOOD, SMITH, HENNING & BERMAN, LLP


Date: October 2, 2012                   _____/s/_____
                                        Alicia R, Kennon, Attorney for Defendant
                                        Western Association of Schools and Colleges

WOOD, SMITH, HENNING & BERMAN, LLP


Date: October 2, 2012                   _____/s/_____
                                        Seymour B. Everett, Attorney for Defendant
                                        Western Association of Schools and Colleges

**CASE MANAGEMENT ORDER**

The above FURTHER JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Further Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____                          _____
                                                THE HONORABLE LUCY H. KOH
                                                UNITED STATES DISTRICT COURT
                                                JUDGE